HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL REYES,

            Plaintiff,

     v.

EXPRESS SCRIPTS COMMUNITY
HEALTH PLAN OF WASHINGTON,
UNITY CARE NORTHWEST
COMMUNITY HEALTH PLAN,

            Defendants.

Case No. 2:21-cv-1440-RAJ

ORDER

## I.   INTRODUCTION

THIS MATTER is before the Court *sua sponte*.  On October 20, 2021, Plaintiff Daniel Reyes ("Plaintiff") filed a complaint.  Dkt. 1.  On October 28, 2021, Plaintiff filed a motion for leave to proceed *in forma pauperis*, Dkt. 3.  The Honorable S. Kate Vaughan granted this motion while recommending review under 28 U.S.C. § 1915(e)(2)(B).  Dkt 4.  Having reviewed the complaint, the Court **DISMISSES** the complaint.

## II.   DISCUSSION

The Court's authority to grant *in forma pauperis* status derives from 28 U.S.C.

ORDER – 1

§ 1915.  Upon permitting a plaintiff to proceed *in forma pauperis*, the Court is subject to certain requirements set forth under 28 U.S.C. § 1915(e)(2)(B).  Among these requirements is the Court's duty to dismiss the plaintiff's case if the Court determines that the complaint fails to state a claim upon which relief may be granted: "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

"The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) parallels that used when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)."  *Day v. Florida*, No. 14-378-RSM, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129).  Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim.  The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally.  *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

In his complaint, Plaintiff, appearing *pro se*, filed a 42 U.S.C. § 1983 claim against Express Scripts Community Health Plan of Washington and Unity Care Northwest Community Health Plain ("Defendants"), alleging violations of his Eighth and Fourteenth Amendment rights.  Dkt. 1 at 2-3.  He alleges that he is being denied access to particular medicine, which constitutes "cruel and unusual punishment" under the Eighth

ORDER – 2

Amendment.  *Id.* at 3-4.  He claims that he has been denied various medications, including the proper antiviral and psychotropic medicines, and that he endures unnecessary pain and anxiety as a result.  *Id.*  Plaintiff asserts that his immune system "is compromised with the general antiviral medicine," and that "being subjected to anti-opioid pain medicine is cruel."  *Id.*  He states that he "reserves the right to bring forth charges and punitive damages if defendants insist on allowing [him] to suffer with bogus pain & antiviral medicines."  *Id.*  Finally, he claims that his "lab results are being used to increase Pharma's statistics ignoring patients [sic] best interests and abusing his pursuit of happiness."  *Id.*  In his request for relief, he asks that Defendants "make accessible medications [that] are available to the common public."  *Id.*  He also moves for appointment of counsel.  *Id.*

"A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  The Court finds that Plaintiff's claim does not have facial plausibility.  Plaintiff asserts that he is not able to obtain his preferred medicine but provides no specific allegation of wrongdoing by any of the named Defendants.  The facts do not support who, why, or how Plaintiff is being denied access to medication or how Defendants are liable.

Moreover, the Eighth Amendment's ban on cruel and unusual punishment does not apply to the facts here.  The Eighth Amendment, which applies against states by virtue of the Fourteenth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  *Harmelin v. Michigan*, 501 U.S. 957, 962 (1991).  The cruel and unusual punishments clause of the Eighth Amendment was directed at prohibiting certain methods of punishment.  *Id.* at 979.  Here, Plaintiff has not alleged that he has been punished for any offense.  His claim that denial of access to a particular medicine is "punishment" misunderstands the constitutional provision.  Plaintiff also fails to allege facts supporting a claim of violation

ORDER – 3

of rights under the Fourteenth Amendment.

In the absence of any factual allegations supporting any discernable cause of action on which relief may be granted, the Court must dismiss the complaint without prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).  Plaintiff may, however, amend the complaint within 21 days of the Order.  "Unless it is absolutely clear that no amendment can cure the defect . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

### III.  CONCLUSION

For the reasons stated above, Plaintiff's complaint is **DISMISSED** without prejudice.  Plaintiff may file an amended complaint within **twenty-one (21) days** of the Order.  If Plaintiff fails to timely comply with this Order by filing an amended complaint that corrects the deficiencies noted above, the Court will dismiss this action without leave to amend.

DATED this 22nd day of November, 2021.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4