HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL REYES,

    Plaintiff,

v.

EXPRESS SCRIPTS COMMUNITY
HEALTH PLAN OF WASHINGTON,
UNITY CARE NORTHWEST
COMMUNITY HEALTH PLAN,

    Defendants.

Case No. 2:21-cv-1440-RAJ

ORDER

## I. INTRODUCTION

THIS MATTER comes before the Court Plaintiff Daniel Reyes' ("Plaintiff") motion to appoint counsel, Dkt. 6, motion for injunction, Dkt. 8, and amended complaint, Dkt. 11. On November 22, 2021, the Court dismissed without prejudice Plaintiff's complaint. Dkt. 10. Plaintiff Daniel Reyes ("Plaintiff") timely filed an amended complaint on December 3, 2021. Dkt. 11. Having reviewed the amended complaint, relevant law, and remaining record, the Court finds that Plaintiff has failed to correct the

ORDER – 1

deficiencies of his prior complaint and **DISMISSES** the amended complaint with prejudice. Dkt. 11. Plaintiff's motion to appoint counsel, Dkt. 6, and motion for injunction, Dkt. 8, are both **DENIED**.

## II. DISCUSSION

In the Court's prior order, the Court dismissed Plaintiff's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Dkt. 10 at 4. The Court determined that Plaintiff's claims lacked facial plausibility. *Id.* at 3 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (holding that "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). The Court concluded that, in the absence of factual allegations supporting a cause of action upon which relief could be granted, the Court was required to dismiss the complaint. 28 U.S.C. § 1915(e)(2)(B)(ii).

Having reviewed Plaintiff's amended complaint, Dkt. 11, the Court finds that Plaintiff has failed to correct these deficiencies. Dkt. 11. Plaintiff alleges in his amended complaint only that he is still suffering unnecessary pain and side effects from the incorrect anti-viral medicine and is "being restricted the legal measure of pain prescription." *Id.* at 1. These allegations, similar to his prior complaint, are insufficient to support a claim upon which relief could be granted. Having provided Plaintiff an opportunity to amend his complaint and finding no amendment can cure the defects noted, the Court dismisses the complaint with prejudice. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action").

Plaintiff's motion for the appointment of counsel is similarly denied. As a general matter, a plaintiff does not have a right to counsel in civil cases. *See Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981). The decision to appoint such counsel "is within the sound discretion of the trial court and is granted only in exceptional

ORDER – 2

circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal citation omitted). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Here, the Court's dismissal of the complaint for failure to state a claim precludes a finding of exceptional circumstances to warrant appointment of counsel. Plaintiff's motion for appointment of counsel is therefore **DENIED**. Dkt. 6. Plaintiff's motion for injunction is similarly precluded based upon the Court's dismissal of the complaint and is **DENIED** as moot. Dkt. 8.

### III.  CONCLUSION

For the reasons above, it is hereby **ORDERED**:

(1) Plaintiff's amended complaint, Dkt. 11, is **DISMISSED** with prejudice;

(2) Plaintiff's motion to appoint counsel, Dkt. 6, is **DENIED**; and

(3) Plaintiff's motion for injunction, Dkt. 8, is **DENIED** as moot.

DATED this 11th day of January, 2022.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3